# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) Case ID No. 9511007022 |
| | ) |
| v. | ) Cr. A. Nos. IN95-11-1323R3 – 1325R3, |
| | ) IN95-12-0684R3 – 0686R3. |
| | ) |
| MICHAEL R. MANLEY, | ) |
| Defendant. | ) |
| | ) |
| STATE OF DELAWARE, | ) |
| | ) Case ID No. 9511006992 |
| | ) |
| v. | ) Cr. A. Nos. IN95-11-1047R2 – 1049R2, |
| | ) IN95-12-0687R2 – 0689R2. |
| | ) |
| DAVID STEVENSON, | ) |
| Defendant. | ) |

Submitted: January 26, 2018
Decided: February 28, 2018

## ORDER DENYING MOTIONS TO VACATE DEATH SENTENCE AND RESENTENCE PURSUANT TO 11 *DEL. C.* § 4205

This 28th day of February, 2018, upon consideration of the Defendant Michael R. Manley ("Manley") and the Defendant David Stevenson's ("Stevenson") Motions to Vacate Death Sentence and Resentence Pursuant to 11 *Del. C.* § 4205 (D.I. 469, D.I. 394); the State's Responses thereto (D.I. 470, D.I. 395); and the record in these matters, it appears to the Court that:

(1) Manley and Stevenson were convicted of Murder in the First Degree at a joint trial on November 13, 1996,[1] and sentenced to death by this Court on January 10, 1997.[2] Both sentences were affirmed by the Delaware Supreme Court on direct appeal.[3] Although the Supreme Court later reversed the sentences,[4] a second penalty hearing again established beyond a reasonable doubt the existence of three statutory aggravators in Manley's case and three in Stevenson's.[5] This Court again sentenced each defendant to death; each sentence was later affirmed by the Delaware Supreme Court.[6] More recently, in 2017, the Delaware Supreme Court followed its decision in *Rauf v. State*[7] and ruled that Manley and Stevenson's death sentences must be vacated and the two defendants resentenced to life without parole.[8]

---

[1] *State v. Manley,* 1997 WL 27094, at *5 (Del. Super. Ct. Jan. 10, 1997).

[2] *Id.* at *15.

[3] *Manley v. State,* 709 A.2d 643 (Del. 1998); *Stevenson v. State,* 709 A.2d 619, 622 (Del. 1998).

[4] *Stevenson v. State,* 782 A.2d 249, 261 (Del. 2001).

[5] *Manley v. State,* 918 A.2d 321, 324 (Del. 2007).

[6] *Id.*

[7] 145 A.3d 430 (Del. 2016).

[8] *Manley v. State,* 2017 WL 4772572, at *1 (Del. Oct. 20, 2017); *Stevenson v. State,* 2017 WL 6330741, at *1 (Del. Nov. 2, 2017).

(2)     Manley and Stevenson now ask this Court to vacate their death sentences but—notwithstanding the Supreme Court's mandate, which neither defendant sought reargument or other review of—to resentence them under Delaware's Class A Felony penalty provisions.[9]  Manley contends:  (a) that this Court is not obligated by *Rauf* to impose a mandatory sentence of life without parole; and (b) that such a mandatory sentence of life without parole would violate his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.  Stevenson just adopts Manley's arguments.[10]

(3)     In *Rauf*, which invalidated certain portions of Delaware's death penalty statute (11 *Del. C.* § 4209), the Supreme Court held that those procedural provisions of the statute that didn't comply with the federal Constitution could not be severed "[b]ecause the respective roles of the judge and jury are so complicated under § 4209" that the Court was "unable to discern a method by which to parse the statute so as to preserve it."[11]  But *Rauf* did not speak to the severability of the substantive life-without-parole penalty provisions of § 4209.[12]  And later decisions, including

---

[9]     DEL. CODE ANN. tit. 11, § 4205(b)(1) (1995) ("The term of incarceration which the court may impose for a felony is fixed as follows . . . For a class A felony not less than 15 years up to life imprisonment to be served at Level V . . .").

[10]     Stevenson's Mot. at ¶¶ 1, 4.

[11]     *Rauf*, 145 A.3d at 434.

[12]     *Norcross v. State*, 2018 WL 266826, at *1 n.3 (Del. Jan. 2, 2018).

-3-

the Supreme Court's in *Powell v. State*[13] and this Court's in *State v. Swan*,[14] upheld the mandatory sentence of life without parole in *Rauf*'s wake.

(4) If there was any doubt about the viability of those substantive sentencing provisions before, the Supreme Court has recently put that doubt fully to rest: *Rauf* simply did not strike down the entirety of § 4209.[15]

(5) In *Zebroski v. State*—the case of a defendant formerly sentenced to death who challenged his resentencing to mandatory life without parole under the very same statutory language at issue here—the Supreme Court ruled that *Rauf*'s severability question was "only . . . whether it was possible to sever the constitutionally-infirm parts of the capital punishment scheme from the constitutionally-sound ones in a way that would preserve the death penalty."[16] *Zebroski* made clear that "the statute's life-without-parole alternative is the correct

---

[13]    *Powell v. State*, 153 A.3d 69, 70–71 (Del. 2016) ("Powell's death sentence must be vacated and he must be sentenced to 'imprisonment for the remainder of his natural life without benefit of probation or parole or any other reduction.'" (quoting DEL. CODE ANN. tit. 11, § 4209(d)(2) (2009))).

[14]    *State v. Swan*, __ A.3d __, __, 2017 WL 7736122, at *3. (Del. Super. Ct. Feb. 10, 2017) ("There is no reason why the court cannot give effect to the portions of section 4209 which require imposition of a sentence of life without parole in murder first degree cases if the death penalty is not imposed.").

[15]    *Cooke v. State*, 2018 WL 1020106, at *1 (Del. Feb. 21, 2018); *Zebroski v. State*, __ A.3d __, __, 2018 WL 559678, at *1 (Del. Jan. 25, 2018).

[16]    *Zebroski v. State*, 2018 WL 559678, at *3; *id.* at *3, n.13 (*Rauf* addressed only the sentencing procedures prescribed by § 4209, not whether the procedural scheme could be severed from the alternative punishment provisions prescribing life without parole).

sentence to impose on a defendant whose death sentence is vacated."[17] And so, the Court must and shall impose upon both Manley and Stevenson the alternative life-without-parole sentence required by 11 *Del. C.* § 4209.[18]

(6) Manley and Stevenson next posit that a mandatory life-without-parole sentence violates their rights under the Eighth and Fourteenth Amendments. This supposed constitutional fault they divine from a suggestion that "Delaware would be an outlier among all other states if it imposed a mandatory sentence of life without parole for the broadly defined offense of intentional killing."[19] The *Zebroski* court considered and rejected this very argument, as well.[20] Like Craig Zebroski's, Michael Manley's and David Stevenson's first-degree murder sentences are not based "upon a mere finding that [their] killing was intentional."[21] No, Manley's jury found, unanimously and beyond a reasonable doubt, the existence of three statutory

---

[17] *Id.* at *1.

[18] DEL. CODE ANN. tit. 11, § 4209(a) (1995) ("Any person who is convicted of first-degree murder shall be punished by death *or* by imprisonment for the remainder of the person's natural life without benefit of probation or parole or any other reduction") (emphasis added); *id.* at § 4209(d)(2) ("Otherwise, the Court shall impose a sentence of imprisonment for the remainder of the defendant's natural life without benefit of probation or parole or any other reduction.").

[19] Manley's Mot. at ¶ 11.

[20] *Zebroski,* 2018 WL 559678, at *6. Like our high Court in *Zebroski*, this Court too finds that even if Manley and Stevenson's "outlier" and "breadth of acts" arguments were true—which this Court also expresses no opinion on—Manley and Stevenson, like Zebroski, are the wrong first degree murderers to raise that challenge.

[21] *Id.*

aggravating circumstances: first, that Manley killed Kristopher Heath to prevent Mr. Heath's appearance as a witness in a criminal case; second, that Manley murdered Mr. Heath as Stevenson's agent; and third, that Mr. Heath's murder was premeditated and the result of substantial planning.[22] While Stevenson's jury also found the existence of three statutory aggravating circumstances: first, that Stevenson killed Kristopher Heath to prevent Mr. Heath's appearance as a witness in a criminal case; second, that Stevenson directed Manley to kill Mr. Heath; and third, that Mr. Heath's murder was premeditated and the result of substantial planning.[23] Manley and Stevenson themselves recognize that "the non-death penalty states that include provisions for a mandatory sentence of life without parole do so only for a narrow set of first degree murders," including, in several states, those committed "with some . . . enumerated aggravating circumstance."[24] Both Manley and Stevenson were convicted with such attendant aggravating factors.

(7) The real question posed by the defendants, therefore, is not whether the imposition of a mandatory life-without-parole sentence for an intentional killing violates the Eighth Amendment;[25] but instead whether the imposition of a mandatory

---

[22]   *Manley,* 918 A.2d at 329.

[23]   *Id.* at 328–29.

[24]   Manley's Mot. at ¶ 8.

[25]   Even if this were the right question to be answered here, it's well-settled that "[t]he Eighth Amendment is not violated every time a State reaches a conclusion different from a majority of its

life-without-parole sentence for an intentional killing attended by numerous statutory aggravating factors violates the Eighth Amendment. Our Supreme Court, in *Zebroski*, found that Delaware is not "an outlier for imposing [a] sentence of life without parole under these circumstances."[26] And the circumstances supporting Manley's and Stevenson's sentences are surely no less compelling than Zebroski's.

(8) Finally, Manley argues that imposing the mandatory life sentence would violate his right to effective assistance of counsel under the Sixth and Fourteenth Amendments, because "at the time of his trial, had [he] been on notice that a sentence of life without parole would be the only . . . sentence upon conviction of first-degree murder, trial preparation and strategy surely would have been different."[27] Addressing this same argument in *Zebroski*, our Supreme Court explained:

> Under [this] line of reasoning, all defendants convicted under a capital punishment regime that is later declared unconstitutional would be entitled to have their convictions vacated because their trial lawyers may have employed different strategies had the possibility of death not loomed over their cases. That has never been true in Delaware on any past occasions when the State's capital punishment scheme has been struck down[.][28]

sisters over how to best administer its criminal laws." *Cooke*, 2018 WL 1020106, at *1 (internal citations and quotations omitted).

26    *Zebroski*, 2018 WL 559678, at *6.

27    Def.'s Mot. at ¶ 12.

28    *Zebroski*, 2018 WL 559678, at *6.

And Manley and Stevenson, like Zebroski (Swan, and others), cite no authority for this notion that due process somehow requires vacatur of their death sentences and the possibility of imposition of something less than life without parole.[29]

(9)    Accordingly, Manley's request that his death sentence be vacated and that he be resentenced under 11 *Del. C.* § 4205 must be **DENIED**.  Manley will be scheduled for resentencing in accord with the Supreme Court's order of October 20, 2017[30] and 11 *Del. C.* § 4209(a) and (d)(2).

(10)    Stevenson's request that his death sentence be vacated and that he be resentenced under 11 *Del. C.* § 4205 must also be **DENIED**.  Stevenson will be scheduled for resentencing in accord with the Supreme Court's order of November 2, 2017[31] and 11 *Del. C.* § 4209(a) and (d)(2).

**SO ORDERED this 28th day of February, 2018.**

_____
**Paul R. Wallace, Judge**

---

[29]    *Id.*; *Swan,* 2017 WL 7736122, at * 4; *Cooke,* 2018 WL 1020106, at *1. *See also* Manley's Mot. at ¶ 12 (setting forth a bare one-paragraph due process claim with zero citations to any authority).

[30]    *Manley,* 2017 WL 4772572, at *1 ("Manley's death sentence must be vacated and he must be sentenced to imprisonment for the remainder of his natural life without benefit of probation, parole, or any other reduction.").

[31]    *Stevenson,* 2017 WL 6330741, at *1 ("Stevenson's death sentence must be vacated and he must be sentenced to imprisonment for the remainder of his natural life without benefit of probation, parole, or any other reduction.").

Original to Prothonotary

cc: Elizabeth R. McFarlan, Deputy Attorney General
Maria T. Knoll, Deputy Attorney General
Christopher S. Koyste, Esquire
Beth Ann Muhlhauser, Esquire
Anne Saunders, Esquire
Herbert W. Mondros, Esquire
Shawn Nolan, Esquire
Claudia Van Wyk, Esquire